IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTOINE DEWAYNE SMITH,<br>    ID #1325157<br>        Petitioner,<br>vs.<br><br>RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:09-CV-2448-N (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

On August 5, 2005, petitioner was convicted by a jury of aggravated robbery in Cause No. F04-58413-U and sentenced to forty years imprisonment. (Petition (Pet.) at 2).

Petitioner filed an appeal. The Fifth District Court of Appeals affirmed petitioner's conviction in an unpublished opinion. *Smith v. State*, No. 05-05-01390-CR (Tex. App. – Dallas, Aug. 15, 2007, pet. ref'd). On April 23, 2008, his petition for discretionary review was refused by the Texas Court of Criminal Appeals. (PD-1306-07). Petitioner did not file a petition for writ of certiorari.

On April 15, 2009, petitioner filed his state application for writ of habeas corpus. (Pet. at 3;

1

State Habeas Transcript:1). On August 26, 2009, the Court of Criminal Appeals denied petitioner's application in without written order (S.H.Tr.:cover).

Petitioner filed his federal petition on December 23, 2009. (Pet. at 1). Respondent filed a response on April 30, 2010, and furnished the state court records. No reply brief was filed.

## II.  STATUTE OF LIMITATIONS

### A.  Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date petitioner's

conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court after his PDR was refused by the Court of Criminal Appeals. In such a case, the state conviction becomes final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the petition for discretionary review. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13. Petitioner's state conviction therefore became final for purposes of § 2244(d) on July 22, 2008, ninety days after the PDR was refused on April 23, 2008.

With regard to subparagraph (D), the facts supporting petitioner's claims became known or could have become known prior to the date petitioner's state judgment of conviction became final on July 22, 2008. Because petitioner filed his petition more than one year after his convictions became final, a literal application of § 2244(d)(1) renders his December 23, 2009, filing untimely.

## B. Tolling

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year limitations period was therefore tolled while petitioner's state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1

F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). When petitioner filed his state petition on April 15, 2009, 267 days had elapsed since his conviction became final on July 22, 2008. The filing of his state petition tolled the statute of limitations until the Texas Court of Criminal Appeals denied the writ on August 26, 2009. The AEDPA clock began to run again on August 27, 2009, and the time remaining in petitioner's one-year time period for filing a federal petition expired 98 days later, on December 3, 2009.

In this case, a petition dated "December __, 2009" was received by the Court on December 23, 2009. (Pet. at 9). There is no evidence showing that petitioner mailed his federal petition using the prison mailing system.[1] *See* Rule 3(d) of Rules Governing Section 2254 Cases (stating that timely filing of a federal petition through use of the prison mailing system may be shown by either an unsworn signed declaration or by a notarized statement). Respondent submitted an affidavit from the custodian of records at the unit where petitioner is incarcerated that states that the relevant records do not reflect that petitioner sent any outgoing mail from the prison between December 1, 2009, and December 31, 2009. (Resp., Ex. A). Petitioner did not file a reply or otherwise respond to this affidavit.[2] Petitioner's federal petition is therefore considered filed on December 23, 2009, when it was delivered to and accepted by the Clerk's Office. *See Fierro v. Cockrell*, 294 F.3d 674, 680, n. 10 (5th Cir. 2002) (recognizing that, as a general rule, a federal petition for writ of habeas corpus is filed when it is delivered to, and accepted by, the district court). Because petitioner's

---

[1] The Fifth Circuit has recognized that a federal petition filed by a *pro se* prisoner is deemed filed on the date it is delivered to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

[2] The records of the Clerk's Office reflect that the original filing is not accompanied by a post-marked envelope, and the mail logs reflect no receipt of a filing fee by mail.

4

federal petition was not filed by December 3, 2009, the statutory tolling provision does not save his federal petition

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). A petitioner "is not entitled to equitable tolling", however, unless he "diligently pursue[s] his § 2254 relief." *Coleman*, 184 F.3d at 403. "[S]uch tolling is available only when the petitioner meets the high hurdle of showing (1) extraordinary circumstances (2) beyond his control (3) that made it impossible to file his petition on time." *Henderson v. Johnson*, 1 F. Supp. 2d 650, 654 (N.D. Tex. 1998). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v.*

*Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

In a memorandum in support of his federal petition, petitioner contends that he was delayed in filing pleadings in state court because he received an opinion from the Fifth District Court of Appeals in November of 2007, after he received the opinion affirming his conviction. Petitioner believed that this second opinion was an opinion remanding his case to the trial court. Petitioner contends that this opinion confused him and caused him to wait a period of time before filing his PDR. (Memorandum (Mem.) at 1, Ex. 1). The opinion attached as support for this argument is an opinion in three other criminal cases, and it is an opinion vacating a trial court's granting of a defense motion to suppress in a murder trial. These cases appear to involve a different defendant named Antoine Smith, since the alleged criminal acts mentioned in this opinion occurred on August 2, 2005, when petitioner was on trial in his case. (Ex. 1). Even if petitioner was initially confused by this opinion (which concerns a murder rather than an aggravated robbery), his PDR was timely filed and refused by the Court of Criminal Appeals on April 23, 2008, and his state court conviction was therefore not considered final until ninety days later.[3] Whatever confusion the opinion petitioner received in November of 2007 caused, it had no influence or effect on when he filed his state or federal habeas petitions, because petitioner was able to file a timely PDR. Petitioner presents no argument or evidence that he was prevented from filing his state writ earlier than April 15, 2008, or that he was prevented from filing his federal petition earlier than December 23, 2009. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the

---

[3] The Court of Criminal Appeals website reflects that petitioner filed a motion to extend the time to file a PDR, which was granted on September 13, 2007. He then filed a PDR on December 21, 2007, which was later struck due to non-compliance. Petitioner then filed a redrawn, compliant PDR in March of 2008, which was refused on April 23, 2008. He also subsequently filed a motion for rehearing, which was denied on August 14, 2008. (*See* www.cca.courts.state.tx.us, case history for PD-1306-07).

federal statute of limitations, and his federal petition is barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 7th day of June, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE